UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Covington Division

IN RE:                                              :
                                                    :      **Chapter 13**
**RICHARD E. WENTZ,**                               :      **Case No. 14-21415**
                                                    :      **Judge Tracey N. Wise**
                        **Debtor**                  :
_____                  :

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Amended and Restated Motion to Dismiss Under 11 U.S.C. § 109(e) [Doc. 17] ("Motion") filed by Fifth Third Bank ("Fifth Third"). Fifth Third alleges that the Debtor is not eligible for chapter 13 relief because his unsecured debts exceed the limits for eligibility. The Debtor contends that his schedules, prepared in good faith, control the eligibility determination. The Court holds that it is proper to consider the amount of a liquidated debt set forth in a judgment in reviewing a debtor's eligibility for chapter 13.

The Debtor filed his chapter 13 petition on September 24, 2014. He lists $260,500 of unsecured claims on Schedule F—$250,000 of which is for a "mortgage on spouse's residence."[1] Schedule D lists a secured claim owed to Fifth Third in the amount of $800,000—of which $70,000 is unsecured. Fifth Third claims that the amount of its claim was liquidated by a judgment entered August 22, 2014, by the Boone Circuit Court, and as of the petition date, an additional $58,689 was due on the judgment. Therefore, argues Fifth Third, $260,500 plus $70,000 plus $58,689 (total $389,189) exceeds the unsecured debt eligibility ceiling of $383,175 prescribed by 11 U.S.C. § 109(e). Fifth Third further contends that the Debtor overvalued its collateral to limit the resulting unsecured deficiency claim in his schedules.

---

[1] Although this claim is marked "contingent" on Debtor's schedules, the parties agreed at the hearing that it was not a contingent claim.

The Debtor counters that the $250,000 spouse's residence debt is not really an unsecured debt because "[t]he debt is secured by the mortgage on the real estate owned by the Debtor's spouse." [Doc. 27 at 1]. Regarding the Fifth Third judgment, the Debtor concedes he didn't do a precise calculation, but states that because his schedules were prepared in good faith, they control.

Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). In determining eligibility, the Court is guided by the following: *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751 (6th Cir. 1985); *In re Hurtt*, 454 B.R. 733 (Bankr. E.D. Ky. 2011); *In re Alzadon*, No. 12-70008, slip op. (Bankr. E.D. Ky. July 18, 2012).

In *Pearson*, the Sixth Circuit stated that a court should rely "primarily" upon the debtor's schedules in making the chapter 13 eligibility determination. *Pearson*, 773 F.2d at 756. In *Pearson*, the Sixth Circuit analogized chapter 13 eligibility requirements to the amount in controversy element of diversity jurisdiction reasoning:

> The Supreme Court recognized . . . that the exact amount in controversy could not always be ascertained, and held that the amount claimed in good faith by the plaintiff controls *unless it appears to a legal certainty* that the claim is for less than the jurisdictional amount or the amount claimed is merely colorable.

*Pearson*, 773 F.2d at 757 (emphasis added). Accordingly, this Court has not interpreted *Pearson* to compel exclusion of other reliable sources of information and has expressly found that the Court will not be bound by information contained in the Debtor's schedules where it appears to a legal certainty that an amount owed is other than what the debtor says is owed. *In re Alzadon*, No.

2

12-70008, slip op. at 3 (citing *De Jounghe v. Mender (In re De Jounghe)*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005)).

In *Alzadon*, as in the instant case, the creditor held a judgment for an amount certain and the debtor's schedules excluded interest which was expressly awarded in the judgment. This Court held it was proper to look behind the debtor's schedules where there was reliable information available to both the debtor and court to ascertain the amount of debts underlying a claim of chapter 13 eligibility. The Court reaffirms that reasoning here—a debtor may not achieve chapter 13 eligibility by declaration.

The Fifth Third judgment provides:

> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that judgment be entered in favor of Plaintiff Fifth Third Bank against Defendants North American Tile Tool Company and Richard E. Wentz, jointly and severally, on a certain Revolving Note (as defined in the Complaint) in the amount of $795,968.32 plus interest accruing after February 1, 2014 on the unpaid principal amount of $639,327.78 at the rate of $253.07 per day (14.25% per annum) until fully paid, plus the costs of this action. (As of August 19, 2014, the amount of accrued interest is $50,360.93 during the 199-day period of February 1, 2014 to August 19, 2014.) Plaintiff Fifth Third Bank is further entitled to recover its attorney's fees incurred in this action from said Defendants in an amount to be later determined upon its filing of a fee application.
>
> . . .
>
> Defendant Richard E. Wentz shall pay to Plaintiff Fifth Third Bank the sum of $3,250 in reimbursement of survey fees incurred in this action.

[Motion, Ex. A at 2, 4].

Based on the foregoing, it is a simple matter to calculate the amount due to Fifth Third as of the petition date—$858,689.77. Of this amount, the Debtor's schedules claim $730,000 is secured, leaving $128,689.77 of unsecured debt. As noted above, this amount plus the Schedule F unsecured debt of $260,500 (total $389,189.77) exceeds the § 109(e) ceiling ($383,175).

Debtor attempts to negate this conclusion by arguing that the debt owed to Bank of Kentucky in the amount of $250,000 against his wife's residence should not be deemed unsecured

3

as to him. However, this Court has previously held that a Debtor has to have an interest in the collateral for a debt to be considered secured. *Hurtt*, 454 B.R. at 737. Here, looking "primarily" at the Debtor's schedules, the Debtor lists a dower interest in his wife's residence; however, that interest is valued at $0. Thus, the debt against the residence is unsecured as to the Debtor.

Finally, the Court notes that the Debtor has listed the Internal Revenue Service and the Kentucky Revenue Cabinet as creditors being owed "unknown" amounts. Debtor's Affidavit in support of eligibility states:

> 8. The Affiant further has listed the Internal Revenue Service and the Kentucky Revenue Cabinet as creditors. They are listed because as of the date of filing, the Debtor had not yet completed his 2013 tax return. His 2012 tax return had been returned to him by the Internal Revenue Service. The liability on these tax years is still uncertain.

[Doc. 27 at 7, ¶ 8]. This language is remarkable for what it does not say. The Debtor does not dispute that taxes are due; rather, he states that liability is "uncertain." Debtor's schedules do not list the tax claims as disputed, contingent or unliquidated—simply "unknown" in amount. [Doc. 1 at 15]. If any amounts are due to the taxing authorities by this Debtor, they will add to the unsecured debt and further make this Debtor ineligible for chapter 13 relief.

The Debtor's unsecured debts exceed the eligibility ceiling making it unnecessary to address Fifth Third's valuation arguments.

Based on the foregoing, the Debtor's noncontingent, liquidated, unsecured debts exceed the unsecured debt ceiling set forth in 11 U.S.C. § 109(e), and the Debtor is not eligible to be in a chapter 13 proceeding.

IT IS HEREBY ORDERED that the Debtor has 14 days from the date of this Order within which to convert this case to a chapter of the Bankruptcy Code for which he is eligible or this case shall be dismissed.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**

Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Thursday, November 06, 2014
(tnw)